UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA CITY DIVISION

KIM ANTHONY POLONCZYK,

    Plaintiff,
v.                                                               Case No. 3:15cv259-MCR-CJK

STATE OF FLORIDA, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's complaint (doc. 1). Upon review, it is clear the facts as presented fail to support a viable claim for relief. It likewise is clear plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend") (quotation omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff names 3 defendants in his complaint – State of Florida, Escambia County Tax Collector ("Tax Collector"), and Florida Department of Highway Safety and Motor Vehicles ("DHSMV"). Plaintiff complains that the Tax Collector prohibits the public's use of photography equipment in the building but uses such equipment to take photographs of individuals obtaining motor vehicle licences. According to plaintiff, there are signs that read "IT IS ILLEGAL TO USE PHOTOGRAPHY EQUIPMENT . . . . . PER ORDINANCE . . . IN THIS BUILDING." Doc. 1 at p. 2. Plaintiff "find[s] this threatening, bullying, intimidating, harassing, and just too bold." Doc. 1 at p. 2. In plaintiff's view, "[i]t is saying we left the United States once and if they do not like it we can leave them again. This is planned and intentional on the part of the government." Doc. 1 at p. 2. Plaintiff also complains he was denied a reciprocal motorcycle endorsement, a complaint that is the subject of another action pending in this court. *See Polonczyk v. State of Fl., et. al*, Case No. 3:15cv245-LC-CJK (R&R recommending dismissal entered Aug. 22, 2017). Plaintiff seeks the following relief:

> The State of Florida should be recognized as a criminal infestation and should be looked upon as no less.
>
> Five Million Dollars should be awarded to Kim Anthony Polonczyk by each defendant.
>
> Kim Anthony Polonczyk should be granted his motorcycle endorsement on his drivers license.

> Florida should reimburse all costs for the transfer of license plates to Kim Polonczyk.
>
> State of Florida should pay off the Toyota Scion owned by Kim Polonczyk and leave in his possession.
>
> Purchase Kim Polonczyk a new or used car.
>
> Donate 6 million dollars to Children's Hospital in Little Rock Arkansas by each defendant.
>
> Purchase a used Honda 750 4cyl Motorcycle for Kim Anthony Polonczyk 2006 or later.

Doc. 1 at p. 2.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss this case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not

state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

Although plaintiff does not specify the claims asserted in his complaint, any claims he has attempted to assert against the State of Florida and DHSMV are barred by the Eleventh Amendment. It is well settled that absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court. *Federal Maritime Commission v. South Carolina State Ports Authority,* 122 S. Ct. 1864, 15 Fla. L. Wkly. Fed. S305 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); *Gamble v. Florida Department of Health and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986). Eleventh Amendment immunity extends also to state agents and state

instrumentalities, *Regents of the University of California v. Doe*, 519 U.S. 425, 429, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997), and arms of the state as well as state officials. *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977).

Plaintiff's claims against the State of Florida plainly are barred by the Eleventh Amendment. The same is true with regard to the DHSMV, which is an agency of the State. *See, e.g., Schopler v. bliss*, 903 F.2d 1373, 1378 (11th Cir. 1990) (noting "the Eleventh Amendment extends to state agencies and other arms of the state"); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (holding that a suit against a department of a state "is no different from a suit against the State itself").

Even if plaintiff's claims against the State of Florida and DHSMV were not barred, plaintiff has failed to plead facts sufficient to state a viable claim against either defendant. The same is true with regard to the Tax Collector. Not only has plaintiff alleged no constitutional or other violation, or even facts that would support such a claim, he has requested certain relief the defendants cannot provide and the court cannot grant and, in any event, has no discernible connection to the facts he alleges.[1]

---

[1] To the extent plaintiff has attempted to assert an equal protection claim based on the prohibition against photography equipment or denial of a reciprocal motorcycle endorsement, such claim plainly fails. The Equal Protection Clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To state a claim under the Equal Protection Clause, plaintiff must allege (1) he was treated differently

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 5th day of September, 2017.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

from similarly situated persons and (2) the defendants unequally applied the laws for the purpose of discriminating against him. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998) (*citing Snowden v. Hughes*, 321 U.S. 1, 6 (1944); *Strickland v. Alderman*, 74 F.3d 260, 264 & n.4 (11th Cir. 1996)). Plaintiff has made no such allegations.

Case No. 3:15cv259-MCR-CJK